IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLAN NOVITSKI**, | : | CIVIL ACTION NO. 1:14-CV-2260 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | : | |
| Defendant | : | |

## ORDER

AND NOW, this 3rd day of November, 2015, upon consideration of the report (Doc. 22) of Magistrate Judge Susan E. Schwab, recommending the court dismiss the appeal (Doc. 1) of plaintiff Allan Novitski ("Novitski") from the decision of the administrative law judge denying Novitski's application for supplemental security income and disability insurance benefits, and, following an independent review of the record, the court being in agreement with Judge Schwab that the decision of the administrative law judge is "supported by substantial evidence," 42 U.S.C. § 405(g), see Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), and it appearing that neither party has filed objections to the report, and that there is no clear error

on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007), it is hereby ORDERED that:

1. The report (Doc. 22) of Magistrate Judge Schwab is ADOPTED.

2. The decision of the Commissioner of Social Security ("Commissioner") denying the application for supplemental security income and disability insurance benefits of Allan Novitski is AFFIRMED.

3. The Clerk of Court shall enter judgment in favor of the Commissioner and against Allan Novitski as set forth in paragraph 2.

4. The Clerk of Court is further directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
    Christopher C. Conner, Chief Judge
    United States District Court
    Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). Indeed, the Third Circuit has admonished that "failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court." Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987); see also Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by" a magistrate judge's report. Henderson, 812 F.2d at 878. The court has reviewed the Magistrate Judge's report in accordance with this Third Circuit directive.